IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

_____

|  |  |
|---|---|
| **In Re:**<br><br>JODIE ELAINE GAMACHE,<br><br>    **Debtor.** | **Bankruptcy Case<br>No. 05-43558** |

_____

**MEMORANDUM OF DECISION**

_____

**Appearances:**

      Raymundo G. Pena, Rupert, Idaho, Attorney for Debtor.

      Jeffrey G. Howe, Boise, Idaho, Assistant U.S. Trustee.

**Background**

The Office of the United States Trustee ("UST") filed a motion under §§ 329, 330 and Fed. R. Bankr. P. 2017 [1] asking that the Court review the conduct of attorney Raymundo Pena ("Counsel") in this case, together with the

---

[1] Debtor filed her case on October 14, 2005, prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005), and therefore all citations reference pre-amendment law.

MEMORANDUM OF DECISION -1

reasonableness of the compensation he charged chapter 13 Debtor Jodie Gamache for his services. *See* Mot., Docket No. 10. The Court conducted a hearing concerning Trustee's motion on February 6, 2006, Assistant U.S. Trustee Jeff Howe and Counsel appeared, and the issues were taken under advisement. Although invited to do so, neither party filed post-hearing submissions prior to the Court-imposed deadline of February 10, 2006. The motion is now ripe for disposition, and what follows constitutes the Court's findings, conclusions and disposition concerning the Motion. Fed. R. Bankr. P. 9014, 7052.

## Facts

In addition to considering Counsel's comments provided at the hearing, the Court has reviewed the Court's case file. *See* Fed. R. Evid. 201, 801. In particular, at the hearing, the Court granted the UST's motion to take judicial notice of Counsel's Rule 2016(b) disclosure filed in this case, Docket No. 1, a request Counsel did not oppose.

Based upon the record, the UST points out that Counsel filed a chapter 13 petition on Debtor's behalf on October 14, 2005. The petition was accompanied by various schedules and a statement of financial affairs. The Schedule C filed in Debtor's case was blank. Counsel's Rule 2016(b) disclosure was, for the most part, also blank (although it bore Counsel's electronic

MEMORANDUM OF DECISION -2

"signature"). No information is provided in this form concerning how much Debtor paid, or agreed to pay, Counsel for his services. In contrast, Debtor's response to Question No. 9 on her statement of financial affairs indicated she had paid Counsel $1,009.00 prior to the filing of the petition. Docket No. 1.

In addition to criticizing Counsel's filing several blank or incomplete forms, the UST also questioned Counsel's failure to file a chapter 13 plan in the case, to submit copies of Debtor's tax returns to the trustee, and his failure to appear at Debtor's scheduled § 341 meeting of creditors. Mot., Docket No. 10; Minutes, Docket No. 8.

After the case languished in chapter 13 for several months, Counsel eventually filed a motion to convert Debtor's case to one under chapter 7 on February 6, 2006. While the Court cannot draw firm conclusions based upon this record, from the information in Debtor's schedules, it is doubtful Debtor could have proposed a confirmable plan, since she showed a significant negative net income in her Schedules I and J. In addition, since she scheduled no priority or secured debt, only unsecured creditors, the Court can only wonder if Debtor ever needed chapter 13 relief, or whether Counsel's filing of a chapter 13 petition, as opposed to one under chapter 7, was intended.

MEMORANDUM OF DECISION -3

At the hearing, Counsel represented that his faulty Rule 2016(b) disclosure was the result of a computer error. He explained that his "paper" file includes a copy of a fee disclosure form he thought was filed in the case (admitted as Hearing Ex. 1), showing that he charged Debtor and received $908.00 for attorney fees, together with the filing fee, prior to filing this case. Exhibit 1, however, contains vastly different information than the form actually docketed in the case. And Exhibit 1 is missing Mr. Pena's signature, or any indication that it was "filed" in this case. There is an additional difference in the description of legal services Counsel agreed to provide in each of the forms. He explained that the $1,009 fee disclosed in Debtor's statement of financial affairs was another error. Because Debtor was a friend, Counsel indicates he had reduced his fee to a flat $700 instead of the $800 he normally charges exclusive of the filing fee.

As for his failure to appear at the § 341, Counsel explains he was otherwise engaged in a hearing in state court, that he did make an effort to appear at the § 341 meeting, but that his appearance came "after court" as reflected in the trustee's minutes. Minutes, Docket No. 8. Even so, it seems Counsel's appearance would have been of little assistance to his client, since Debtor had not filed her plan, tax returns, amended schedules, or other required documentation.

MEMORANDUM OF DECISION -4

To date, Counsel has filed no amended Rule 2016(b) disclosure, nor any amendments to Debtor's schedules. The lack of a corrected disclosure should be a personal concern for Counsel, as will be seen below. But even more importantly, Counsel's client's interests are potentially at risk since, as the record now stands, she has claimed no exemptions in her property, and her right to a discharge is in danger for having filed incorrect, even potentially false schedules. *See* 11 U.S.C. § 522(b); § 727(a)(4).

## Disposition

On numerous occasions, the Court has explained that a debtor's attorney is limited to "reasonable" compensation for services. *See e.g., In re Dunnagan*, 02.1 I.B.C.R. 47, 47–48 (Bankr. D. Idaho 2002) (citing §§ 329(b), 330(a)(1), 330(a)(3), 330(a)(4)(B)). The Court may review the services that were rendered by a lawyer in comparison to the compensation paid or agreed to be paid by the debtor for those services. 11 U.S.C. § 329(b). If the Court determines that the attorney's compensation is excessive, it may reduce or deny compensation and order any excess returned. *In re Dunnagan*, 02.1 I.B.C.R. at 48 (citing § 329(b), Fed. R. Bankr. P. 2017(a), and *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001)).

As for the required disclosure of compensation by a debtor's attorney, this Court has explained, in no uncertain terms, that the requirements for

MEMORANDUM OF DECISION -5

accurate and complete disclosure embodied in § 329(a), and as implemented by Rule 2016(b), are mandatory. *In re Combe Farms, Inc.*, 257 B.R. 48, 53 (Bankr. D. Idaho 2001). Treating the disclosure rule as some sort of aspirational goal is unwise, since the failure to file an adequate disclosure constitutes sufficient reason standing alone for the Court to reduce, or even deny, compensation to the debtor's attorney. *Id.*

The Court concludes that Counsel is entitled to no fees for his services on behalf of Debtor. While a computer error may indeed have caused Counsel to originally submit an inaccurate Rule 2016(b) disclosure, there is no good excuse shown for Counsel's failure to correct this serious error.[2] In addition, Counsel has offered no adequate explanation offered why accurate schedules and a plan were not filed on behalf of his client, nor why the faulty schedules have yet to be amended. This troublesome lack of professionalism by Counsel is compounded by Counsel's tardy appearance at the § 341 creditor's meeting, necessitating that it be continued. While the Code grants the Court considerable discretion in reviewing Counsel's fees, the Court is not inclined in this case to rescue Counsel

---

[2] If Counsel thought that the proffer of Exhibit 1 at the hearing on this matter satisfied his duty under the Rules, he is mistaken. Offering an unsigned disclosure as an exhibit is not a substitute for filing a correct and certified disclosure under the Rules.

MEMORANDUM OF DECISION - 6

from his substandard performance and failure to comply with the Rules. *In re Combe Farms, Inc.*, 257 B.R. at 53.

## Conclusion

For the reasons stated herein, the Court concludes that Counsel received an excessive fee for the services rendered and failed to comply with the disclosure rules, warranting a return of all fees paid by Debtor. A separate order will be entered.

Dated: March 20, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 7